UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No: 7:12-CV-247-BO

KERNAN T. MANION, M.D., )
          Plaintiff, )
)
v. ) ORDER
)
SPECTRUM HEALTHCARE )
RESOURCES and NITELINES KUHANA )
JV LLC, )
          Defendants. )

This cause comes before the Court on defendants' combined petition for certification of interlocutory appeal, to amend the August 6, 2013, order, and to stay proceedings. For the reasons discussed below, defendants' request is denied.

## BACKGROUND

This action was filed by a psychiatrist who formerly provided care to men and women at the Deployment Health Center at the Naval Hospital Camp Lejeune. Plaintiff was terminated from his position after he complained of certain practices at the Deployment Health Center. Plaintiff filed this action under, *inter alia*, the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409, for illegal reprisal for protected disclosures. By order entered August 6, 2013, the Court denied defendants' motions to dismiss and for judgment on the pleadings. In so doing, the Court determined that plaintiff, as an independent contractor of defendants, defense contractors, has standing to bring an action under 10 U.S.C. § 2409.

Defendants now ask that the Court amend its August 6, 2013, order to include certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants contend that

the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Specifically, defendants seek certification of the following issue: whether the term employee as used in the Defense Contractor Whistleblower Protection Act, 10. U.S.C. § 2409, includes within its definition and protection independent contractors of civilian defense contractors.

## DISCUSSION

"Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States*, 309 U.S. 323, 324 (1940). While section 1292(b) was enacted in order to permit interlocutory appeals under some circumstances, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2nd Cir. 1996). The decision to certify an interlocutory appeal is soundly within the discretion of the court that has issued the order. *State v. N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). Even if the requirements of section 1292(b) are satisfied, the district court has "unfettered discretion" to decline to certify an interlocutory appeal if exceptional circumstances are absent. *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012) (quotation and citation omitted).

The Court considers first whether the requirements of section 1292(b), which provides

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order,

have been satisfied . 28 U.S.C. § 1292(b). The Court notes at the outset that upon its filing of the August 6, 2013, order it was not of the opinion that certification of an interlocutory

2

was warranted or necessary, and thus defendants must ask the Court to amend its order to include such certification.

The Court agrees that the question of plaintiff's standing under the Defense Contractor Whistleblower Protection Act (DCWPA) is controlling. *See Terry v. June*, 368 F. Supp.2d. 538, 539 (W.D.W.V. 2005) (question that is dispositive is controlling). The Court would also agree that, were the court of appeals to hold that an independent contractor does not have standing to bring an action under the DCWPA, this litigation would end. *See Arbaugh v. Y&H Corp.*, 546 U.S. 550, 514 (2006). The more difficult question to resolve is whether there is substantial ground for difference of opinion.

It has been previously noted that there is a paucity of case law interpreting the DCWPA. The absence of other controlling authority on this issue does not, however, necessarily lead to the conclusion that there would be substantial ground for a difference of opinion. The Court's conclusion that an independent contractor of a defense contractor would have standing under the DCWPA is well-supported by the legislative history and amendments to the False Claims Act, an analogous statute. Thus, the Court is not convinced that other courts presented with the same question would not decide it in precisely the same way. Moreover, even if another court would decide the issue differently, that would not automatically form a basis for certification of an interlocutory appeal. *See Howes*, 889 F. Supp. at 852 (noting that a court need not find that substantial ground for difference of opinion exists even where "authorities lack unanimity") (citation omitted). The Court finds that there are not substantial grounds for difference of opinion and that defendants have therefore failed to demonstrate that the statutory requirements have been satisfied.

3

Even assuming, however, *arguendo* that both of the statutory requirements have been soundly satisfied, this is not an exceptional circumstance that would warrant approval of a piecemeal appeal. Prior to contesting plaintiff's standing, both defendants answered the complaint; since the entry of the Court's order defendants wish to appeal, discovery has proceeded and the dispositive motion filing deadline is nearly upon the parties. Recognizing that the Court's ruling on plaintiff's standing to bring suit is jurisdictional, its decision is also "a step[] toward final judgment[] on the merits," and the advanced stage of this litigation does not weigh in favor of finding a basis to depart from the general rule that the decisions of this Court are more "effectively and more efficiently reviewed together in one appeal from the final judgment." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993) (certification appropriate where ruling would not be reviewable on appeal from final judgment); *see also Terry*, 368 F. Supp.2d at 540 (court of appeals generally performs best where there is a complete record and final decision on all issues). The Court simply sees no reason not to permit this case to go forward to its conclusion, whereafter the appropriate party or parties may appeal from final judgment should they so determine.

Accordingly, the Court in its discretion declines to amend its August 6, 2013, order to include certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## CONCLUSION

For the foregoing reasons, defendants' motions for certification of interlocutory appeal [DE 53 & 55] are DENIED.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 7:12-cv-00247-BO   Document 66   Filed 11/08/13   Page 4 of 4