IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-247-BO

| | |
|---|---|
| KERNAN T. MANION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| NITELINES KUHUNA JV, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the clerk on Nitelines Kuhuna JV, LLC's ("defendant") application for costs. For the reasons stated, defendant's request for costs is denied in its entirety [D.E. 83; D.E. 84].

## BACKGROUND

On May 6, 2014, the court granted defendant's motion for summary judgment [D.E. 81] and entered judgment in favor of defendant [D.E. 82]. On May 19, 2014, defendant timely filed a request for costs for service of summons and subpoena and copies [D.E. 83]. Kernan T. Manion ("plaintiff") did not respond. On February 18, 2015, at the direction of the clerk, defendant supplemented its request [D.E. 84]. The motion is ripe for determination.

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (200); Crawford Fitting Co. v. J.T.

Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988.

On May 19, 2014, defendant filed its application on the AO 133 Bill of Costs form [D.E. 83]. The form includes the following instruction: "SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories." Defendant did not provide an itemization or other documentation with the application [D.E. 83]. On February 13, 2015, the clerk issued a text order notifying defendant that the bill of costs was deficient and allowed the prevailing party an opportunity to file an amended application with an itemization and supporting documentation. On February 18, 2015, defendant filed the amended application for costs [D.E. 84] and attached an itemization [D.E. 84-1], internal copy log invoice [D.E. 84-2], Envision Discovery invoices [D.E. 84-3; D.E. 84-4], and a copy of a check [D.E. 84-5]. The amended application was not accompanied by an affidavit from counsel or supporting memorandum.

First, defendant seeks $30.00 for the service of summons and subpoena [D.E. 84]. In support of the request, defendant submits a copy of a voided check issued by its law firm in the amount of $30.00 to the Civil Process Unit of the New Hanover County Sheriff's Office [D.E. 84-5]. The check does not identify defendant, the case number, nor the individual who was served with the summons or subpoena, and defendant's itemization of costs contains no additional information to explain the cost [D.E. 84-1]. "[N]o litigation costs should be awarded in the absence of adequate documentation." Trimper v. City of Norfolk, 58 F.3d 68, 77 (4th Cir. 1995). Defendant's request for fees for service of summons and subpoena is inadequately documented. Accordingly, defendant's request for costs in the amount of $30.00 for service of summons and subpoena is disallowed.

Defendant also seeks $831.85 in copy costs, as shown in the internal copy log invoice for $383.40 [D.E. 84-2] and Envision Discovery invoices totaling $448.45 [D.E. 84-3; D.E. 84-4]. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (unpublished) (quoting Cherry, 186 F.3d at 449). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (unpublished) (citing Bd. of Dirs. Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991)). The cost of copies made solely for the convenience of counsel are generally not taxable under 28 U.S.C. § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)). "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Kelley v. Int'l Bhd. of Teamsters, Local Union 71, No. 4:11-CV-1268-RBH, 2014 WL 1366038, at *3 (D.S.C. Apr. 7, 2014) (unpublished) (quoting Ford v. Zalco Realty, Inc., 708 F.Supp.2d 558, 563 (E.D.Va. 2010)). Here, defendant does not state what documents were copied, nor the purpose of the copies. Without this information, the clerk is unable to discern whether the copies were provided to the court or opposing counsel or obtained for counsel's convenience. Thus, defendant's request for copy costs in the amount of $831.85 is disallowed.

## CONCLUSION

For the reasons stated, defendant's bill of costs in the amount of $861.85 [D.E. 83; D.E. 84]

3

is disallowed in its entirety.

    SO ORDERED. This 3rd day of March 2015.

_____<br>
Julie Richards Johnston, Clerk of Court